IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                           CR. NO. 13-436 RB

TREVOR THAYER,

        Defendant.

## DEFENDANT THAYER'S SECOND MOTION TO DISMISS ADDITIONAL CHARGES IN SUPERSEDING INDICTMENT BASED ON PROSECUTORIAL VINDICTIVENESS

The Defendant, Trevor Thayer, by and through his attorneys, Jason Bowles of Bowles Law Firm, and Robert J. Gorence of Gorence & Oliveros, P.C., hereby moves to dismiss the new charges brought in the Second Superseding Indictment filed on September 13, 2016 [Doc. 139] based upon prosecutorial vindictiveness in bringing additional charges in response to Mr. Thayer's Second Motion to Suppress. In support of this Motion, Mr. Thayer states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On February 13, 2013, Mr. Thayer was charged with five counts in an Indictment [Doc. 2].

2. On August 8, 2013, Mr. Thayer filed his first Motion to Suppress on the grounds of law enforcement use of a civilian agent to perform a warrantless search.

3. On August 14, 2013, Mr. Thayer was charged with six counts (the original five counts plus a count of Maintaining Drug-Involved Premises) in a Superseding Indictment [Doc. 65].

4. On June 9, 2016, counsel for Mr. Thayer sought the Plaintiff's position on a second Motion to Suppress and was informed that additional charges would be brought if Mr.

Thayer pursued the Motion to Suppress. The e-mail chain with AUSA Armijo continued through June 28, 2016. *See* Emails attached hereto as Exhibit 1.

5. On July 26, 2016, Mr. Thayer filed his second Motion to Suppress [Doc. 127] on the grounds that the affidavit supporting the search warrant was based upon a material omission by law enforcement.

6. On August 10, 2016, AUSA Armijo sent Mr. Bowles an e-mail which threatened to imprison Mr. Thayer for a 25-year mandatory sentence – and even alluded to a 50-year mandatory minimum sentence – unless Mr. Thayer pleaded guilty and accepted the government designated sentence. On August 12, 2016, Mr. Gorence responded to the threat. *See* Emails attached hereto as Exhibit 2. Nonetheless, the government obtained a Second Superseding Indictment, albeit without the threatened additional mandatory minimum charges, in response to the Mr. Thayer's second Motion to Suppress.

7. After Mr. Thayer filed his second Motion to Suppress, the government sought and obtained a Second Superseding Indictment [Doc. 139] on September 13, 2016, charging Mr. Thayer with additional crimes to those charged in the First Superseding Indictment including a possession charge for the silencer, for which he was charged only for its manufacture in Count 3 of the First Superseding Indictment, and for possession in furtherance of a drug trafficking crime of a Ruger, model 10/22 .22 LR caliber semiautomatic rifle. These two additional charges subject Mr. Thayer to additional criminal penalties and sentencing requirements. No new information serves as the basis for these charges brought more than four years after the alleged criminal conduct.

8. Mr. Thayer contends that the prosecution has violated his right to due process of law as guaranteed by the Fifth and Sixth Amendments of the United States Constitution because

of prosecutorial vindictiveness. The Second Superseding Indictment was motivated by vindictiveness in order to punish Mr. Thayer for exercising his right to mount a defense to the charges leveled against him and his Sixth Amendment constitutional right to be free from unreasonable searches and seizures.

## LEGAL ANALYSIS

The Government may not punish a defendant for exercising his constitutional rights in the course of criminal proceeding. *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (citing *Chaffin v. Stynchcombe*, 412 U.S. 17, 32, n. 30 (1973)). "When a defendant exercises constitutional or statutory rights in the course of criminal proceedings, the government may not punish him for such exercise without violating due process guaranteed by the federal Constitution." *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir.1991). Therefore, while it is within the discretion of the Government to prosecute a person for violating the law, the Government may not act from a vindictive motive. *Bordenkircher v. Hayes*, 434 U.S. at 364.

A defendant may establish a due process violation from a vindictive prosecution by showing either: (1) actual vindictiveness or (2) a realistic likelihood of vindictiveness which gives rise to a presumption of vindictiveness. *United States v. Raymer*, 941 F.2d at 1040. Once the defendant has made this threshold showing, "the burden shifts to the prosecution to justify its charging decisions with legitimate, articulable, objective reasons." *United States v. Wood*, 36 F.3d 945, 946 (10th Cir. 1994).

Generally, the United States Supreme Court has generally held that so long as the prosecutor has "probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute and what charge to file or bring before the grand jury, generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S.at 364. However, this broad proposition is not unlimited, especially when the prosecution is motivated by an improper animus to deprive the accused of counsel of his choice or some other protected constitutional right. *United States v. Raymer*, 941 F.2d at 1041(citing *United States v. Ballester*, 763 F.2d 368, 370 (9th Cir. 1985)). In *United States v. Wood*, 36 F.3d 945 (10th Cir.1994), the Tenth Circuit upheld a finding of prosecutorial vindictiveness when the decision was "not based on any new evidence or change in circumstances, and it was made soon after Defendant exercised a legal right to the government's advantage." 36 F.3d at 947.

A court must examine the totality of the circumstances to decide whether there is a realistic probability of a vindictive prosecution. *United States v. Raymer*, 941 F.2d at 1040 (citing United States v. Doran, 882 F.2d 1511, 1521 (10th Cir. 1989)). Vindictiveness may be present when the prosecution's decision to seek increased charges following the rejection of a plea bargain is based solely on "genuine animus against the defendant for an improper reason or in retaliation for [the] exercise of [his or her] legal or constitutional rights." *United States v. Raymer*, 941 F.2d at 1042 (citing *United States v. DeMichael*, 692 F.2d 1059, 1062 (7th Cir. 1982).

Here, the e-mails between counsel clearly show that the additional charges brought in the Super Second Superseding Indictment were brought in response to Mr. Thayer's filing his Second Motion to Suppress. Mr. Thayer's filing of his Second Motion to Suppress an exercise of his legal and constitutional rights to a fair trial and to be free from unreasonable searches and

seizures. As in *United States v. Wood*, no new evidence or change in circumstances occurred to support the filling of the additional charges. *See Wood,* 36 F.3d at 947. The only apparent reason for the new charges is animus on the part of the prosecutor based on Mr. Thayer's filing of his Second Motion to Suppress. Thus, dismissal of the new charges against Mr. Thayer is appropriate on the grounds of vindictive prosecution.

 WHEREFORE, Mr. Thayer respectfully requests that this Court grant his Motion and dismiss the new charges brought in the Second Superseding Indictment and for such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Robert J. Gorence
Jason Bowles
Bowles Law Firm
P.O. Box 25186
Albuquerque, NM 87125-0186
Telephone: (505) 217-2680
Facsimile: (505) 217-2681
Email: jason@bowles-lawfirm.com

and

Robert J. Gorence
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Phone (505) 244-0214
Facsimile (505) 244-0888
Email: gorence@golaw.us

*Attorneys for Defendant Trevor Lee Thayer*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of November, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Maria Armijo, Attorney for United States
(Maria.Armijo@usdoj.gov)


*s/ Robert J. Gorence*
Robert J. Gorence