**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                               2:13-cr-00436 RB-1

TREVOR LEE THAYER,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant's request, during the March 14, 2017 Evidentiary Hearing, that this Court unseal the Government's sealed Motion in Limine (Doc. 157). *See* Doc. 159 at 7 (Minutes at 1:00 p.m.). Being fully advised, the Court will unseal the motion.

### I.    PROCEDURAL POSTURE

Defendant is facing charges for multiple violations involving the possession and distribution of marijuana and possession of unlawful firearm silencers. *See* Doc. 138. On March 14, 2017, this Court held an evidentiary hearing in relation to Defendant's Second Motion to Suppress and Second Motion to Dismiss for Prosecutorial Vindictiveness. Doc. 155. Just prior to the hearing, the Government filed a Sealed Motion in Limine regarding testimony by former DEA Special Agent Ryan Mirabal. Doc. 157. During the hearing, Defendant requested that the Government's motion be unsealed on the basis of public access to judicial records. Doc. 159 at 7 (Minutes at 1:00 p.m.);.The Government objected to such disclosure, citing the embarrassment and potential incrimination of Agent Mirabal. *Id.*

## II.   ANALYSIS

Federal courts have historically acknowledged a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id.* at 598. Although this right is not absolute, there is a "strong presumption in favor of public access." *United States v. Pickard*, 733 F.3d 1297, 1302–03 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This is particularly true where the court can make use of the sealed documents "to determine litigants' substantive legal rights," including evidentiary issues. *Id.* (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). In order to overcome this presumption of openness, a party seeking to seal judicial documents must demonstrate that "countervailing interests heavily outweigh the public interests in access." *Id*. To do so, a party must articulate compelling reasons supported by specific factual findings. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03 (9th Cir. 1999).

"Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann*, 477 F.3d at 1149; *see also Nixon*, 435 U.S. at 599. In exercising this discretion, the court should "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (internal quotation marks omitted). In addition, "[t]he party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Id.* (internal quotation marks omitted).

At the hearing in this case, the Government explained that publication of their motion and its exhibits would cause significant embarrassment and potential incrimination to their witness, Former Special Agent Mirabal, regarding an unrelated criminal investigation. Doc. 159 at 7 (Minutes at 1:00 p.m.). However, federal courts addressing this question have held that "[t]he mere fact that the production of records may lead to. . . embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *see also Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 546–47 (N.D.Ind.1991); *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 301 (N.D.Ill.1993). The Tenth Circuit also appears to have adopted this approach in practice. *See Mann*, 477 F.3d at 1149 (holding that privacy concerns with respect to family dispute and medical information were not "sufficiently critical to outweigh the strong presumption in favor of public access to judicial records.").

As the Government has failed to present a sufficiently compelling interest to rebut the strong presumption of public access to judicial documents, the Court holds that their Motion should not remain sealed.

## III.   CONCLUSION

For the foregoing reasons, the Court ORDERS that the Government's Motion to Limine (Doc. 157) be unsealed.

**IT IS SO ORDERED.**

ROBERT C. BRACK
**UNITED STATES DISTRICT JUDGE**