# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            2:13-cr-00436 RB-1

TREVOR LEE THAYER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Trevor Lee Thayer's Motion to Reconsider the Court's Findings of Fact, Conclusions of Law, and Order Denying Motions to Suppress filed on October 7, 2013 [Doc. 89] with regard to Mr. Thayer's original Motion to Suppress. *See* Doc. 160. Specifically, Defendant urges the Court to reconsider its conclusion that: Ms. Silva's taking of additional photographs of Mr. Thayer's backyard and greenhouse did not constitute a *de facto* government search by a private party. *See* Doc. 89 at 13-15; Doc. 161 (Partial Transcript of 3/14/17 Hearing 10:10-25). Having reviewed the accompanying briefing and being otherwise fully advised, the Court will deny the Motion.

## I.  PROCEDURAL POSTURE

Defendant is facing charges for multiple violations involving the possession and distribution of marijuana and possession of unlawful firearm silencers. *See* Doc. 138. On August, 8 2013, Defendant Trevor Thayer filed a Motion to Suppress to exclude all evidence seized from an August 21, 2012 search of his home. Doc. 60. The search was conducted pursuant to a warrant. On September 12, 2013, the Court held an evidentiary hearing on Defendant's motion in Las Cruces, New Mexico. After the evidentiary hearing, on September

18, 2013, Defendant filed an additional motion entitled "Defendant Trevor Thayer's Motion to Reconsider or in the Alternative, Supplemental Motion in Support of His Motion to Suppress [Doc. 60]." Doc 83. The basis of this supplemental motion was that, because Ms. Silva had obtained additional photographs of Defendant's Marijuana plants at the behest and encouragement of Agent Mirabal, her activities constituted an unlawful search conducted by an agent or instrument of the government. *Id*.

On October 7, 2013, this Court issued an Order denying Defendant's Motion to Suppress and supplemental motion. Doc. 89. As to the latter, the Court reasoned that, whether or not the second set of photographs were taken at the behest of the Government, no unlawful search occurred because Ms. Silva was accompanied by Mr. Thayer and present on the premises with his consent, meaning that he had no reasonable expectation of privacy as to her conduct. *Id*. at 13-15.

On March 14, 2017, this Court held an unrelated evidentiary hearing to address Defendant's Second Motion to Suppress (Doc. 127), and Second Motion to Dismiss Additional Charges in Superseding Indictment Based on Prosecutorial Vindictiveness (Doc. 147). During the course of this hearing, Defendant's counsel made an oral motion to reconsider the denial of his first Motion to Suppress on the basis of new evidence elicited during hearing testimony. Doc. 161 (Partial Transcript of 3/14/17 Hearing 10:10-25). Specifically, Defendant claims that the testimony of Mr. Thayer established that Ms. Silva did not have unrestricted access to all areas of the house, meaning that her presence in the backyard and greenhouse exceeded the scope of Defendant's consent and, consequently, constituted an unlawful search by an individual acting as an agent of the Government. *See* Doc. 161 (Partial Transcript of 3/14/17 Hearing 9-12). Following the hearing, Defendant formally submitted a written motion to

reconsider on this basis. Doc. 160. The Government filed a Response on March 30, 2017, arguing that the new testimony by Mr. Thayer did not warrant reconsideration of the Court's previous factual findings and legal conclusions relevant to the issuance of the search warrant. Doc. 163.

## II.   FACTUAL BACKGROUND

On August 6, 2012, Special Agent Ryan Mirabal with the Drug Enforcement Administration (DEA) received an "urgent" U.S. Postal envelope that contained several photographs of a marijuana grow and a letter detailing information about Defendant from a confidential source of information (SOI). Doc. 89 at 2; *see also* Doc. 88 (Transcript of 9/12/13 Hearing 2:22-3:18). Specifically, the photographs depicted an indoor marijuana grow in Defendant's house located at 1003 Rita Street in Silver City, New Mexico, and included pictures of marijuana growing inside the residence, in the back yard, and inside a greenhouse. Doc. 89 at 2. The SOI indicated that Defendant had a State of New Mexico growing license that was expired. *Id*.

Special Agent Mirabal determined Corina Silva was the SOI. Ms. Silva and Mr. Thayer have a child together and she was a frequent visitor to his house. *Id*. at 3; *see also* Doc. 88 (Transcript of 9/12/13 Hearing 8:1-9). Special Agent Mirabal called Ms. Silva and discussed the contents of the packet and the information in the letter with her. *Id*. In the course of this discussion, Special Agent Mirabal told Ms. Silva that they would like additional photographs of Mr. Thayer's property in order to verify the initial allegations, and asked whether she was able to obtain them lawfully. Ms. Silva indicated that she was, as she was often permitted to visit the residence to bring their child. *See* Doc. 88 (Transcript of 9/12/13 Hearing 9:1-6; 21:25- 22:21). Ms. Silva sent him the additional requested photographs from her cell phone soon thereafter.

Doc. 89 at 3; Doc. 88 (Transcript of 9/12/13 Hearing 24:12-19). With regard to her access to the home, Ms. Silva reiterated in her testimony that she and Mr. Thayer had a child together from a past relationship and that she had visited his premises in that context. Doc. 88 (Transcript of 9/12/13 Hearing 62:22-63:4). She further testified that she took the additional photos showing marijuana in the backyard and greenhouse, but stated that she was never at his home when he was not present and would not have entered the backyard area of his home without him because she was afraid of his dog. Doc. 88 (Transcript of 9/12/13 Hearing 65:1-21; 70:23-71:9; 76:10-18).

During the March 14, 2017 evidentiary hearing, Mr. Thayer testified as to the scope of Ms. Silva's access to his home. Specifically, he noted that: they did not live together, that she normally visited with their child in the front room except when following the child into another adjacent room, and that she did not have his consent to move freely about the home or backyard area without him. Doc. 161 (Partial Transcript of 3/14/17 Hearing 9:6-12:20).

### III.   LEGAL STANDARD: RECONSIDERATION

Although the Federal Rules of Criminal Procedure do not include specific provisions for a motion to reconsider, the Tenth Circuit has allowed such motions under common law and considerations of judicial economy recognized in *United States v. Healy*, 376 U.S. 75 (1964). *See, e.g.*, *United States v. Corey,* 999 F.2d 493, 495 (10th Cir.1993). "Courts have evaluated motions to reconsider in criminal cases under the same standards governing a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." *United States v. Sims*, 252 F. Supp. 2d 1255, 1260–61 (D.N.M. 2003). Consequently, the Court may grant reconsideration on any of the following grounds: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *Id. see also Major v.*

*Benton,* 647 F.2d 110, 112 (10th Cir.1981). A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir.1994). Stated differently, such motions are inappropriate if their purpose is merely to compel the reviewing court to revisit issues already addressed or to present new arguments or supporting facts that could have been offered originally. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991). "The decision to grant or deny a motion for reconsideration is committed to the reviewing court's sound discretion." *Sims*, 252 F. Supp. 2d at 1261 (citing *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988)).

### IV.   ANALYSIS: MOTION TO RECONSIDER

Defendant contends that his testimony at the March 14, 2017 hearing constitutes new evidence showing that Ms. Silva did not possess consent to be present in his backyard and greenhouse at the time she took the additional photographs requested by Special Agent Mirabal. Accordingly, Defendant urges the Court to reconsider its previous finding that no unlawful search occurred in gathering evidence for the search warrant.

The Fourth Amendment protects against unreasonable searches and seizures when those searches are the product of government action. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984). "It is wholly inapplicable, to a search or seizure, even an unreasonable one, effected by a private individual not acting as a Special Agent of the Government or with the participation or knowledge of any governmental official." *Id.* (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)). However, the United States Supreme Court has ruled that evidence will be suppressed if it was obtained as the result of an unlawful search by a civilian who was functioning as an "instrument or agent of the Government."

*Skinner v. Railway Labor Exec. Assn.,* 489 U.S. 602, 614 (1989); see also *Coolidge v. New Hampshire,* 403 U.S. 443, 487 (1971). "[A] search by a private citizen may be transformed into a governmental search implicating the Fourth Amendment if the government coerces, dominates or directs the actions of a private person conducting the search or seizure." *United States v. Poe*, 556 F.3d 1113, 1123 (10th Cir. 2009) (citing *United States v. Smythe*, 84 F.3d 1240, 1242 (10th Cir. 1996)).

In addressing this issue in its previous Findings of Fact and Conclusions of Law, the Court determined that "[w]hile the question of whether Special Agent Mirabal's request for further photographic evidence of the Defendant's marijuana operation would have transformed an unauthorized private intrusion into state action is a close one, the Court finds there are no facts to show Ms. Silva did, in fact, conduct an unlawful search on behalf of the government." Doc. 89 at 13. The Court explained that there was no evidence of a search since Defendant voluntarily interacted with Ms. Silva and allowed her on the premises, meaning that no expectation of privacy had been frustrated. *Id*. at 15. The new testimony presented by Defendant fails to rebut the facts underpinning this conclusion.

As mentioned above, Agent Mirabal conveyed Ms. Silva's assertion that she was permitted onto Defendant's premises as part of his visitation with their shared child. *See* Doc. 88 (Transcript of 9/12/13 Hearing 9:1-6; 21:25- 22:21). Of greater importance, however, is Ms. Silva's testimony that she was afraid to go into the backyard without being accompanied by Mr. Thayer and her claim that, at the time the additional photographs were taken, she would not have been in that area without Defendant's knowledge and presence. Doc. 88 (Transcript of 9/12/13 Hearing 65:1-21; 70:23-71:9; 76:10-18). Mr. Thayer's testimony indeed outlines general limitations upon Ms. Silva's freedom to move about the house alone, and specifically

states that she was not permitted in the backyard without him. Doc. 161 (Partial Transcript of 3/14/17 Hearing 11:7-12:18). However, Mr. Thayer confirmed that he accompanied her when she was at his house and, when asked whether she had been into the backyard or greenhouse area, stated that he could not recall. Doc. 161 (Partial Transcript of 3/14/17 Hearing 11:7-16; 12:18). Accordingly, his testimony regarding Ms. Silva's limited freedom of access while alone in the house does not contradict her statement that she took the additional requested photographs while allowed outside and accompanied by Mr. Thayer. As Defendant's new evidence has failed to rebut the factual finding on which the denial of his motion to suppress and supplemental motion was based, there is no basis for disturbing this conclusion on reconsideration.

## V. CONCLUSION

For the foregoing reasons, Defendant's new evidence does not warrant altering the Court's initial Findings of Fact, Conclusions of Law, and Order (Doc. 89) denying Defendant's First Motion to Suppress (Doc. 60) and Supplemental Motion (Doc. 83).

**THEREFORE**

**IT IS ORDERED** that Defendant's Motion to Reconsider (Doc. 160) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**