**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. 2:13-cr-00436 RB-1

TREVOR LEE THAYER,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss for Prosecutorial Vindictiveness (Doc. 147). Having reviewed the accompanying briefing and being otherwise fully advised, the Court will deny the Motion.

## I. PROCEDURAL POSTURE

Defendant is facing charges for multiple violations involving the possession and distribution of marijuana and possession of unlawful firearm silencers. *See* Doc. 138. On September 13, 2016 the Government sought and obtained a Second Superseding Indictment charging Mr. Thayer with additional crimes to those charged in the First Superseding Indictment following Defendant's filing of his second Motion to Suppress. *Id*. On November 4, 2016, Defendant filed a Second Motion to Dismiss, seeking dismissal of the additional charges on the basis of prosecutorial vindictiveness. Doc. 147. The Government filed its response on November 15, 2016. Doc. 148. On March 14, 2017, this Court held a hearing in relation to this motion as well as Defendant's Second Motion to Suppress.[1] Doc. 155.

[1] This hearing was identified as an evidentiary hearing. However, while sworn testimony was taken as to Defendant's Motion to Suppress, the Court heard only legal arguments from counsel as to the present motion.

## II. BACKGROUND

On February 13, 2013, Defendant was charged with five counts in an Indictment: Possession of an Unregistered Firearm (Short Barreled Rifle) in violation of 26 U.S.C. §§ 5841(a), 5845(a)(d), 5861(d), and 5871 (Count 1); Possession of an Unregistered Firearm (Silencer), in violation of 26 U.S.C. §§ 5841(a), 5845(a)(7), 5861(d) and 5871, and 18 U.S.C. § 921(a)(24) (Count 2); Making of an Unregistered Firearm (Silencer), in violation of 26 U.S.C. §§ 5841(a), 5822, 5845(a)(7), 5861(f) and 5871, and 18 U.S.C. § 921(a)(24) (Count 3); Manufacturing Marijuana in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(D) (Count 4); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S. C. § 924(c) (Count 5). Doc. 2. On August 8, 2013, Mr. Thayer filed his first Motion to Suppress on the grounds of insufficient probable cause supporting the search warrant. *See* Doc. 60. On August 14, 2013, Defendant was charged in a Superseding Indictment with an added charge of Maintaining Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(1) (Count 6). Doc. 65.

On September 12, 2013, this Court held an evidentiary hearing regarding Defendant's Motion to Suppress. Doc. 81. On September 18, 2013, Defendant filed a "Motion to Reconsider or in the Alternative, Supplemental Motion in Support of His Motion to Suppress." *See* Doc. 83. On October 7, 2013, this Court issued an Order denying Defendant's Motions to Suppress and for Supplemental Motion/Motion for Reconsideration. Doc. 89. Thereafter, on October 24, 2013, Defendant entered into a plea agreement with the United States to Counts 1 and 2 of the Superseding Indictment. Doc. 96. However, following Defendant's filing his Sentencing Memorandum (Doc. 116), the Government withdrew the plea agreement and resumed its

---

Accordingly, the Court issues this Memorandum Opinion and Order in place of a Findings of Fact and Conclusions of Law.

preparation for trial on the basis that the memorandum violated the *Booker* bar provision of the agreement. *See* Doc. 119.

On June 9, 2016, Defense Counsel Robert Gorence sent Email correspondence to AUSA Maria Armijo asking her to describe with particularity which of the three silencers identified corresponded to which charge and informed her of Defendant's intention to file a Second Motion to Suppress. Doc. 147-1 at 1. Defense Counsel Gorence sent a follow-up Email on June 27, 2016 reiterating his request for specificity regarding which silencer relates to which count and explaining the legal basis for Defendant's anticipated motion to suppress. Doc. 147-1 at 2. That same day, AUSA Armijo responded that she would be filing a superseding indictment to make clear which silencer was involved in each count to avoid the need for a bill of particulars. Doc. 147-1 at 3.

On July 26, 2016, Defendant filed his Second Motion to Suppress. Doc. 127. On August 10, 2016, AUSA Armijo sent Email correspondence to Defense Counsel Bowles. In it, she stated her intention to add additional firearms charges, including one involving a short-barrel rifle with a silencer and warned that, if the case were not resolved before the superseding indictment was filed, Defendant potentially risked a 25 year minimum sentence which could be doubled due to Defendant's location within a school zone. *See* Doc. 147-2 at 1. On September 13, 2016, Defendant was charged in a Second Superseding Indictment with an added charge of 26 U.S.C. §§ 5841(a), 5845(a)(7), 5861(d) and 5871: Possession of an Unregistered Firearm – Silencer, as well as specific descriptions of each silencer based on a request by Defendant, and an added firearm in the count charging of 18 U.S.C. § 924(c): Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Doc. 138

## III. ANALYSIS: DEFENDANT'S MOTION TO DISMISS

In his Second Motion to Dismiss, Defendant seeks dismissal of the two additional charges added in the Second Superseding Indictment, Possession of a Silencer and Possession of a Firearm in Furtherance of Drug Trafficking Crime, on the basis that these charges were added in retaliation for Defendant filing his second Motion to Suppress. Doc. 147 at 2–3. Defendant contends that these additions followed an Email threat by prosecutors, were not justified by new information, and subject Defendant to additional penalties and sentencing requirements. *Id*. at 3. The Government responds that the motion should be denied because there is no evidence of actual or presumed vindictiveness. Doc. 148. The Government further explains that each of these additions to the Second Superseding Indictment were either added at Defendant's request to clarify the charges against him or reinstated due to Defendant violating the conditions of his plea agreement. *Id*.

The Government is generally vested with broad discretion in the decision to charge defendants with crimes, so long as it has reasonable cause to believe that the accused committed an offense defined by statute. *See*, *e.g. Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Goodwin*, 457 U.S. 368, 380, n. 11 (1982). However, the Government may not punish a defendant for exercising his constitutional rights in the course of criminal proceeding. *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991); *see also Bordenkircher*, 434 U.S. at 363 ("[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional.") (internal citation omitted). In order to establish a due process violation from a vindictive prosecution, a defendant bears the initial burden of showing either: (1) actual

vindictiveness or (2) a realistic likelihood of vindictiveness which gives rise to a presumption of vindictiveness. *Goodwin*, 457 U.S. at 374; *Raymer*, 941 F.2d at 1040. Once a defendant has satisfied this threshold, the burden then shifts to the Government to justify its decision with legitimate, articulable, and objective reasons. *See United States v. Wood*, 36 F.3d 945, 946 (10th Cir. 1994); *United States v. Doran*, 882 F.2d 1511, 1523 (10th Cir. 1989).

**A. Actual vindictiveness**

Demonstration of actual vindictiveness requires "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights" *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013); *see also United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001) (holding that actual vindictiveness must demonstrate: "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus."). "Attempting to show actual vindictiveness has been characterized as exceedingly difficult and an onerous burden." *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003) (internal quotations omitted); *see also United States v. Gary*, 291 F.3d 30, 34 (D.C. Cir. 2002); *United States v. Jarrett*, 447 F.3d 520, 527 (7th Cir. 2006) (finding no actual vindictiveness where Defendant provided no "smoking gun" statement of outright prosecutor animus and instead relied on speculated motives and suspicious timing). Here, Defendant claims that evidence clearly shows that the charges added in the Second Superseding Indictment were brought in retaliation for his filing his Second Motion to Suppress." (Doc. 147 at 4.) In support of this contention, Defendant has provided an Email exchange in which the Government representative, AUSA Armijo, informed Defense Counsel Gorence that she intended to file a superseding indictment and a separate correspondence with Defense Counsel Bowles in which she seeks a resolution to the case and states that the charges in the superseding indictment could

carry a potential 25 year consecutive sentence, which doubles for commission within a school zone. (*See* Doc. 147-1 at 3; Doc. 147-2 at 1.)

With regard to the latter correspondence, the Court shares Defendant's concern with the tone of this Email. It is undisputed that a criminal Defendant has a Constitutional right to a trial by a jury and a prosecutor is prohibited from bringing purely retaliatory charges for a Defendant's refusal to waive a Constitutional right. *See* U.S. Const. amend. VI; *Goodwin*, 457 U.S. at 372. Had AUSA Armijo followed through and filed the charges detailed in her perceived threat, the question of whether this correspondence constituted a "smoking gun" sufficient to suggest actual vindictiveness may indeed have been a close one. *See Jarrett*, 447 F.3d at 527. However, it is undisputed that the Second Superseding Indictment does not seek either the 25 year mandatory minimum sentence or the school-zone enhancement described in the Email exchange. *See* Doc. 140; Doc. 147 at 2 (Defendant conceding that "the government obtained a Second Superseding Indictment, albeit without the threatened additional mandatory minimum charges. . ."). Absent showing that the Government actually brought the allegedly retaliatory charges threatened, AUSA Armijo's statement, standing alone, does not rise to objective evidence directly demonstrating that the Second Superseding Indictment was motivated by animus and intent to punish defendant for exercising his constitutional rights. *See, e.g.*, *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001) (holding that the mere presence of a superseding indictment bringing additional charges is not sufficient but rather a potentially vindictive superseding indictment must add the additionally severe charges based on the same conduct); *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003) (holding that a vindictive prosecution claim arises where the government pursues its prosecution in retaliation for the exercise of a protected constitutional right).

**B. Presumption of Vindictiveness**

To establish a presumption of vindictiveness, the defendant must show that "there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." *Raymer*, 941 F.2d at 1042 (internal quotation marks omitted). In determining whether the presumption applies, the Court must judge based on the totality of the circumstances. *Id*. at 1040; *Doran*, 882 F.2d at 1522. A presumption of vindictiveness may generally be found where the prosecutor's decision was "not based on any new evidence or change in circumstances, and it was made soon after Defendant exercised a legal right to the government's advantage." *Wood*, 36 F.3d at 947.

At first glance, Defendant's allegation regarding a likelihood of vindictiveness appears persuasive. The Second Superseding Indictment was brought nearly four years after the initial indictment and the added charges appear to be based on the same evidence which was available either at the time the search warrant was executed or shortly after analyzing the evidence recovered from the scene. *Compare* Doc. 2 *with* Doc. 138. Further, there was a relatively short period between the time the plea agreement was abandoned and Defendant refused a subsequent request to plead guilty and the date on which the Second Superseding Indictment was filed. *See* Docs. 119, 138, 147-2. However, it is important to note that, in evaluating the applicability of a presumption of vindictiveness, the Supreme Court has drawn a distinction between amendments to the indictment which occur pretrial and those which are brought following the conclusion of an original trial. *See generally Bordenkircher*, 434 U.S. 357; *Goodwin*, 457 U.S. 368. Specifically, the Court opined that:

> There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, . . . a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision.

*Goodwin*, 457 U.S. at 381. For these reasons, "[t]he Supreme Court has generally rejected the presumption of prosecutorial vindictiveness in the pretrial context." *United States v. Vallo*, 238 F.3d 1242, 1249 (10th Cir. 2001) (internal quotation marks omitted).

In applying this Supreme Court guidance to situations factually similar to the present case, the Tenth Circuit has stated that "the presumption is without application when a prosecutor offers a defendant a chance to plead guilty or face more serious charges, provided the prosecutor has probable cause on the more serious charges and the defendant is free to accept or reject the offer." *Raymer*, 941 F.2d at 1040. Indeed this holding is consistent with the fact that both Supreme Court cases addressing the applicability of the presumption pretrial involved the threat or execution of additional charges following rejection of a plea offer in favor of a jury trial *See Bordenkircher*, 434 U.S. at 363-64 (rejecting a pretrial vindictiveness presumption when a prosecutor threatened more serious charges, for which there was probable cause, if Defendant did not plead guilty); *Goodwin*, 457 U.S. at 382-84 (holding that the presumption does not apply when a defendant declines to plead guilty to misdemeanor charges in order to exercise his right to a jury trial, and a different prosecutor obtains a felony indictment). Consequently, because the Government possessed probable cause to bring the additional charges against Defendant and did so prior to trial, no presumption of vindictiveness may attach to the Second Superseding Indictment.

Further, even assuming *arguendo* that a presumption of vindictiveness could attach to a pretrial decision to levy additional charges following a rejected plea, the Court finds that the Government has satisfied its burden to justify its decision with legitimate, articulable reasons for amending the indictment. Specifically, the Government emphasized that, in the exchange between AUSA Armijo and Attorney Gorence, defense counsel asked for clarification as to what charge related to which firearm and silencer and the AUSA replied that the Government would file a superseding indictment to clarify these issues so no bill of particulars would be required. (*See* Doc. 147-1 at 1-3.) This exchange supports the Government's argument that it had a legitimate and non-retaliatory reason for amending the indictment. *See Raymer*, 941 F.2d at 1042 ("In the absence of procedural unfairness to the defendant, the government may increase charges or make them more precise based upon new information or further evaluation of the case."); *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982) (holding that "[i]f an objective assessment of the prosecution's position reveals that charges should be increased *or made more precise* to take account of information not previously known to the prosecutor *or to state more accurately the Government's position*, then the prosecution has the right" to do so) (emphasis added). Accordingly, the Government has pointed to evidence in the record establishing a legitimate, non-retaliatory justification for the Second Superseding Indictment.

## IV. CONCLUSION

For the foregoing reasons, the Court holds that Defendant has failed to demonstrate actual vindictiveness or the applicability of a presumption of vindictiveness and the Government has provided a legitimate justification for its decision to amend the indictment.

**THEREFORE**

**IT IS ORDERED** that on Defendant's Motion to Dismiss for Prosecutorial Vindictiveness (Doc. 147) is **DENIED**.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**