## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                    2:13-cr-00436 RB-1

TREVOR LEE THAYER,

     Defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
## DENYING DEFENDANT'S SECOND MOTION TO SUPPRESS

**THIS MATTER** is before the Court on Defendant's Second Motion to Suppress. Doc. 127. The Second Superseding Indictment charges Defendant with: (Count 1) Possession of an Unregistered Firearm - Short Barreled Rifle, in violation of 26 U.S.C. §§ 5841(a), 5845(a)(3), 5861(d), and 5871; (Counts 2 and 3) Possession of an Unregistered Firearm - Silencer, in violation of 26 U.S.C. §§ 5841(a), 5845(a)(7), 5861(d) and 5871; (Count 4) Making of an Unregistered Firearm - Silencer, in violation of 26 U.S.C. §§ 5841(a), 5822, 5845(a)(7), 5861(f) and 5871; (Count 5) Manufacturing Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (Count 6) Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (Count 7) Maintaining Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1). Doc. 138.

Defendant contends that all evidence seized pursuant to the search warrant issued by United States Magistrate Judge William P. Lynch on August 13, 2012 should be suppressed on the basis that the affidavit in support of the warrant contained intentional material omissions. (Doc. 127). Specifically, Defendant alleges that Special Agent Ryan Mirabal should have

included the fact that the Defendant had pending a renewal of his Marijuana Medical License from the State of New Mexico. (*Id.* at 2). Defendant argues that, had these omissions been included, the affidavit would not have established the probable cause necessary for the issuance of said warrant. (*Id.*).

The Government responds that the motion should be denied because this Court has already found that (a) Special Agent Mirabal was told that Defendant did not have a pending renewal of his license and (b) the evidence presented by Defendant as to the renewal of his license only shows that the search warrant was obtained and executed during the four-month gap between the expiration and renewal of Defendant's license. (Doc. 131.) The Government also posits that even if the Court determined that Special Agent Mirabal knew of and omitted the fact that Defendant was in the process of renewing his license, there was still sufficient probable cause to search Defendant's residence. (*Id.*).

The Court held a hearing on March 14, 2017.  Having carefully considered the submissions and arguments of counsel and the evidence adduced at the suppression hearing, and being otherwise fully advised, the Court **DENIES** Defendant's motion.

## FINDINGS OF FACT

Rule 12(d) of the Federal Rules of Criminal Procedure provides that when factual issues are involved in deciding a motion, the Court must state its essential findings on the record.  *See* Fed. R. Crim. P 12(d).  The Court makes the following factual findings based on the evidence in the record and evidence adduced at the suppression hearing.  At the hearing, the Court heard testimony from: former DEA Special Agent Ryan Mirabal, New Mexico Department of Public Safety Sergeant Christopher Alvarez, and Defendant Trevor Lee Thayer.

1.     Defendant Trevor Lee Thayer, a New Mexico resident, initially submitted a request to the New Mexico Department of Health for a medical cannabis card and a personal production license on March 9, 2010. Doc. 161 (Partial Transcript of Hearing 4:4-9); Def.'s Exs. A, C. The Department of Health approved Mr. Thayer's request on April 1, 2010. *Id*.

2.     Mr. Thayer's production license and medical cannabis card expired on April 26, 2012. Doc. 161 (Partial Transcript of Hearing 5:5). Mr. Thayer testified that, on July 16, 2012, he re-applied for recertification with the New Mexico Medical Cannabis Program. Doc. 161 (Partial Transcript of Hearing 6:15- 7:2); Def.'s Ex. A. This process included mailing his written application and a renewal check for the registration fee. Doc. 161 (Partial Transcript of Hearing 6:15- 7:8); Def.'s Exs. A, B. The basis for the delay between the expiration of his card and reapplication was that Mr. Thayer had to obtain a new primary care physician after his previous physician retired. Doc. 161 (Partial Transcript of Hearing 5:8- 6:14). Thereafter, he received a letter from Ms. Angela Sundberg, a representative of the New Mexico Medical Cannabis Program, indicating that the Department had received his application on July 20, 2012. Doc. 161 (Partial Transcript of Hearing 3:14-4:2;7:13-8:8) Def.'s Ex. C.

3.     On August 6, 2012, agents with the Drug Enforcement Administration (DEA) received an "urgent" U.S. Postal envelope that contained several photographs of a marijuana grow and a letter detailing information about Defendant from a confidential source of information (SOI). Doc. 89 at 2; Doc. 127-1 at 8. Specifically, the photographs depicted an indoor marijuana grow in Defendant's house located at 1003 Rita Street in Silver City, New Mexico, and included pictures of marijuana growing inside the residence, in the back yard, and inside a greenhouse. *Id*. The SOI indicated that Defendant had a State of New Mexico growing license that was expired. *Id*. Between August 6 and 13, 2012, DEA agents continued to receive

information from the SOI, who sent additional photographs of Defendant's grow house and marijuana that was located inside the residence. Doc. 127-1 at 8-9.

4.      On August 7, 2012, Ryan Mirabal, then employed as a DEA Special Agent, contacted the State of New Mexico Department of Health Medical Cannabis Program and spoke to William Catanach. Transcript of Hearing 19:13- 20:19; 23:12-18.[1] Mr. Catanach indicated that Defendant's license had in fact expired on April 26, 2012, and stated that Defendant had not begun the process to renew his license as of that date. *Id*.

5.      Special Agent Mirabal wrote an affidavit in support of the search warrant for Defendant's residence. *See* Doc. 127-1; Doc. 89 at 5-6. The affidavit included both a detailed description of the marijuana on the premises and information about a variety of firearms on the premises. *Id*. The affidavit disclosed that the SOI sent additional photos from her phone "of THAYERS house and marijuana contained within the household." *Id*. With regard to Defendant's state medical license, the affidavit stated that "[o]n August 07, 2012, SA Ryan Mirabal called the State of New Mexico Department of Health Medical Tempest Program and spoke with Mr. William Catanach concerning the legitimacy of the license. Mr. Catanach indicated that THAYER's license had expired on 04/26/2012 and was inactive in the license renewal program for the state." Doc. 127-1 at 8.

6.      On August 13, 2012, a search warrant was obtained by Special Agent Mirabal. Doc. 88 at 10; Doc. 89 at 5. On August 21, 2012, agents from the DEA, ATF and New Mexico Motor Traffic Division (MTD) served a search warrant on Defendant's residence. Transcript of Hearing 72:23-25; Doc. 88 at 11.

---

[1] Where possible, the Court has cited to the Partial Transcript included in the record (Doc. 161). However, for the portions omitted from this document, the Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

7.      The State of New Mexico Medical Cannabis Program approved renewal of Defendant's medical card and personal production license on August 30, 2012. Doc. 60-3 at 1; Transcript of Hearing 86:12-20; Doc. 161 (Partial Transcript of Hearing 14:22-15:4).

8.      Sometime after the execution of the search warrant and Defendant's preliminary hearing, Special Agent Mirabal was made aware of documentation indicating that Defendant had been in the process of renewing his state medical marijuana license.  Transcript of Hearing 21:22- 22:13; 72:1-14. In response, Special Agent Mirabal made follow-up calls to the New Mexico Department of Health to ascertain the status of Defendant's license. Transcript of Hearing 20:21-21:21; 30:18-31:25; 40:14-41:15. He spoke with Ms. Andrea Sundberg, who confirmed that Defendant's license was expired on the date that the search warrant was executed, but did not reveal whether Defendant had a renewal application pending at that time. Transcript of Hearing 30:18-31:25; 59:15-60:1; 72:18-73:10.

## CONCLUSIONS OF LAW

1.      Courts generally presume validity with respect to the affidavit supporting the search warrant. *United States v. Vandemerwe*, 405 F. App'x 344, 347 (10th Cir. 2010) (internal quotation marks omitted). However, a criminal defendant may challenge a facially sufficient affidavit for a search warrant on the ground that the police knowingly, intentionally, or recklessly included false information. *Franks v. Delaware*, 438 U.S. 154 (1978). The Tenth Circuit has interpreted this standard to mandate suppression if "the affidavit either included affirmatively false statements or omitted material facts." *United States v. Kennedy*, 131 F.3d 1371, 1377 (10th Cir. 1997).

2.      Under *Franks*, a criminal defendant is entitled to suppression following an evidentiary hearing if he shows, by a preponderance of the evidence, "that the false statement

was included in the affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause." *Id.* at 1376. Similarly, in order to invalidate a warrant based on a reckless omission, the information excluded from the affidavit must be material to the magistrate judge's finding of probable cause. *Id.* at 1377; *see also Stewart v. Donges*, 915 F.2d 572, 582–83 (10th Cir. 1990).

### A.    Law of the Case Doctrine

3.    The Government contends, as an initial matter, that this Court has already resolved the question of whether Defendant had applied for a renewal of his medical marijuana license. Doc. 131 at 4-5. Accordingly, the Government argues that reevaluation of this finding is precluded by the law of the case doctrine, and urges the Court to defer to the previous factual determination in their favor. *Id*. In support of this argument, the Government correctly notes that this Court has previously included, in its findings of facts, a statement from Special Agent Mirabal that he was told by a New Mexico Department of Health Medical representative that Defendant had not begun his license renewal process at the time the warrant was executed. *Id*.; *see* Doc. 89 at 4; n. 4.

4.    "Under the law of the case doctrine, findings made at one point during litigation become the law of the case for subsequent stages of that same litigation." *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996); *see also United States v. James*, 556 F. App'x 711, 718 (10th Cir. 2014). However, "[t]he law of the case doctrine applies only to rules of law decided in the same case." *Ayala v. United States*, 49 F.3d 607, 610 (10th Cir. 1995); *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1553 (10th Cir.1991), *cert. denied,* 504 U.S. 910 (1992). Consequently, the doctrine does not prohibit reconsideration of the district court's prior factual findings, and this

Court is free to make a *de novo* determination based on evidence presented at the hearing. *See United States v. Carson,* 793 F.2d 1141, 1147 (10th Cir.), *cert. denied,* 479 U.S. 914 (1986). As such, the Court's previous factual findings regarding Agent Mirabal's statements do not preclude renewed consideration as to whether Defendant had a pending renewal for his medical marijuana license.

**B.      Whether the Affidavit contained a false statement or material omission**

5.      The Government argues that Defendant cannot show that Agent Mirabal made an intentionally false statement, as the assertion regarding the expired status of Defendant's license was true. Doc. 131 at 5-6. The Government also claims that Agent Mirabal accurately conveyed that he contacted the New Mexico Department of Health Medical Cannabis Program and was told that Defendant's license expired on April 26, 2012, and that the Defendant had not begun the renewal process as of August 7, 2012. Defendant contends in response that, whether or not Agent Mirabal made an affirmatively false statement, there was a material omission in the affidavit presented to Judge Lynch in support of the search warrant, that Defendant had a pending application with the Department of Health. Doc. 135 at 2-3.

6.      Both objective documentation and Defendant's own testimony make clear that Defendant's medical marijuana license was expired between April 26 and August 30, 2012, including at the time that the search warranted was signed and executed. *See* Doc. 60-3 at 1; Doc. 161 (Partial Transcript of Hearing 13:14-15:11). However, it is also clear from state documents that Defendant had submitted an application for renewal of his license on July 20, which was pending when Special Agent Mirabal spoke with Mr. Catanach and at the time the search warrant was executed. Doc. 60-3 at 1-6; Doc. 161 (Partial Transcript of Hearing 6:15-7:14). The question of whether Special Agent Mirabal omitted the latter information from his Affidavit turns on

whether he knowingly or recklessly disregarded the truth of Defendant's pending renewal of his state license. *Kennedy*, 131 F.3d at 1376.

7.      As indicated above, Special Agent Mirabal testified that he contacted the State of New Mexico Department of Health Medical Cannabis Program and spoke to Mr. Catanach, who told him that Defendant's license had expired on April 26, 2012, and stated that Defendant had not begun the process to renew his license as of August 7. Transcript of Hearing 19:13- 20:19; 23:12-18. This testimony is consistent with both his Affidavit and previous testimony in a hearing concerning Defendant's first Motion to Suppress. *See* Doc. 127-1 at 8; Doc. 89 at 4 (citing Transcript of Hearing at 5:3-6:3). Upon questioning by this Court, Special Agent Mirabal further explained that he did not request additional electronic documentation of Defendant's license status because he relied on the representations of a New Mexico Department of Health representative and had no reason to doubt the veracity of his statements. Transcript of Hearing 39:14-40:13.

8.      Defendant has provided ample evidence demonstrating that he in fact had a renewal of his license pending on the date that Special Agent Mirabal spoke with Mr. Catanach. Doc. 60-3 at 1-6; Doc. 161 (Partial Transcript of Hearing 6:15-7:14); Def.'s Exs. A, C. However, there is no evidence in the record rebutting Special Agent Mirabal's testimony that Mr. Catanach, in his capacity as a representative of the New Mexico Department of Health, made a factually erroneous statement regarding whether Defendant had a pending license renewal, which Special Agent Mirabal relied upon in good faith  in preparing his Affidavit. Defendant has provided no testimony indicating that Special Agent Mirabal was given any documentation of Defendant's pending renewal or told of the renewal by anyone prior to the execution of the search warrant.  By contrast, state DPS Sergeant Alvarez's testimony is consistent with Special

Agent Mirabal's regarding the fact that the team executing the search was not aware of Defendant's documentation of renewal of his state production licenses until after the warrant was executed. *See* Transcript of Hearing 52:21-25; 57:3-25; 60:5-61:16. Further, Special Agent Mirabal's decision to further investigate the status of Defendant's license with the New Mexico Department of Health after learning of the renewal at Defendant's  preliminary hearing supports his contention that he was not aware of any need for further corroboration at the time his affidavit was submitted. *See* Transcript of Hearing 30:18-31:25; 40:14-41:15; 72:18-73:10.

9.    As he has been unable to directly rebut it, Defendant has alternatively urged the Court to disregard Special Agent Mirabal's testimony as not credible on the basis of an ongoing criminal investigation regarding a housing allowance from his current employer, the United States Army. *See* PM Transcript of Hearing 18:4-25. However, the Court does not believe that a mere investigation into circumstances unrelated to this case or Mr. Mirabal's duties as a DEA Special Agent, and separated from his Affidavit declaration by a number of years, has any bearing on his credibility in this matter.  Further, Defendant's additional request that Special Agent Mirabal's testimony be stricken outright due to his invoking his Fifth Amendment protections when questioned about this criminal investigation is equally unpersuasive. *See* PM Transcript of Hearing 9:8-24. In addressing this issue, the Tenth Circuit has held that:

> not every invocation of the Fifth Amendment privilege by a witness results in a denial of the defendant's Sixth Amendment right of confrontation requiring that the witness's testimony be stricken. In determining whether the testimony of a witness who successfully invokes the Fifth Amendment privilege during cross-examination may be used against the defendant, courts have drawn the line between cases in which the defendant is precluded from inquiring into collateral matters bearing only on the credibility of the witness and those cases in which the defendant is precluded from inquiring into matters about which the witness testified on direct examination.

*United States v. Nunez*, 668 F.2d 1116, 1122 (10th Cir. 1981). Here, Special Agent Mirabal's testimony as a witness involves his investigation into the status and renewal of Defendant's medical marijuana license. By contrast, his invocation of his Fifth Amendment rights dealt solely with questions concerning a wholly unrelated criminal investigation bearing only upon his general credibility. Transcript of Hearing 17:19-18:9. Accordingly, Special Agent Mirabal's testimony should not be stricken.

10.      For these reasons, the evidence presented does not support a finding that Special Agent Mirabal knowingly, intentionally, or recklessly omitted from his Affidavit information regarding the pending renewal of Defendant's expired medical marijuana license.

C.      **Whether the inclusion of the additional facts related to Defendant's license would have altered the probable cause finding**

11.      Defendant contends that the omission regarding the pending renewal of his medical marijuana license would have affected the finding of probable cause, as the Justice Department does not pursue prosecutions against individuals in compliance with their own state's laws. The Government responds that even if evidence that Defendant was renewing his license was omitted, there was still probable cause for the issuance of a warrant, as Defendant possessed and sold marijuana in violation of both state and federal law. As indicated above, a defendant is not entitled to suppression unless the omission challenged was necessary and material to the magistrate judge's finding of probable cause.  *Kennedy*, 131 F.3d at 1377; *Stewart*, 915 F.2d at 582–83. As such, the Court must determine whether probable cause exists even with the inclusion of the material omission.

12.      "A search warrant must be supported by probable cause, requiring more than mere suspicion but less evidence than is necessary to convict." *United States v. Romero*, 749

F.3d 900, 904 (10th Cir. 2014) (quoting *United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000)). "A warrant is based on probable cause if the magistrate makes a 'practical, common-sense decision' that, 'given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.' Thus, the affidavit in support of a search warrant must contain facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity." *United States v. Edwards*, 813 F.3d 953, 960 (10th Cir. 2015) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

13.    As an initial matter, the possession of marijuana for any purpose is prohibited by federal law. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). While the Department of Justice generally declines to pursue prosecution where an individual is in compliance with state law[2], such compliance does not remove probable cause for the violation of federal law. *See, e.g, United States v. $186,416.00 in U.S. Currency*, 590 F.3d 942, 948 (9th Cir. 2010); *Stewart v. Morris*, No. 10-CV-04106-NJV, 2013 WL 5268977, at *8 (N.D. Cal. Sept. 17, 2013). Thus, even if Agent Mirabal's unintentional omission was relevant to the question of whether Defendant was attempting to comply with state marijuana licensing law, there was still sufficient probable cause for the issuance of a federal warrant.

14.    Secondly, the Court has previously noted that the Government presented evidence showing that Defendant was not in compliance with state law regarding possession of marijuana. Doc. 60-3 at 1; Doc. 161 (Partial Transcript of Hearing 13:14-15:11); *see also* Doc. 89 at 4, n. 4 (finding that "there was about a four month gap between the time Mr. Thayer's previous license expired and the new license was renewed. The search of Mr. Thayer's premises took place

---

[2] *See* August 29, 2013 Department of Justice Memorandum, Doc. 135, Ex. 1.

during this gap."). Further Special Agent Mirabal included in his affidavit information from the source of information ("SOI") that Defendant was individually bagging marijuana for distribution. Doc. 127-1 at 8-9; Doc. 89 at 2, 5. Thus, even presuming *arguendo* that Defendant was authorized by the state to grow marijuana for his own use, state law did not provide him permission to distribute his marijuana to others. N.M. Stat. Ann. §§ 26-2B-1 through 7.

15.    Based on the Court's factual findings, any omission regarding the pending renewal of Defendant's state medical marijuana license would not be material to Magistrate Judge Lynch's finding of probable cause.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Second Motion to Suppress (Doc. 127) is **DENIED**.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**