IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            2:13-cr-00436 RB-1

TREVOR LEE THAYER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the the Government's Motion in Limine (Doc. 157) and the Government's Motion for a Lafler/Frye Hearing (Doc. 158). Being fully advised, the Court will deny these motions as moot.

### I. PROCEDURAL POSTURE

Defendant is facing charges for multiple violations involving the possession and distribution of marijuana and possession of unlawful firearm silencers. *See* Doc. 138. On March 14, 2017, This Court held an evidentiary hearing in relation to Defendant's Second Motion to Suppress and Second Motion to Dismiss for Prosecutorial Vindictiveness. Doc. 155. Just prior to the hearing, the Government filed a Motion in Limine regarding testimony by former DEA Special Agent Ryan Mirabal. Doc. 157. Also during the morning of the hearing, the Government filed its motion for a Lafler/Frye Hearing, requesting that the Court inquire as to whether defense counsel communicated to defendant the plea offer extended by the United States on March 13, 2017. *See* Doc. 158. Both of these motions were discussed during the course of the hearing.

## II.   ANALYSIS

With regard to its Motion in Limine, the Government stated that Defendant had not made a substantial preliminary showing that Special Agent Mirabal's Affidavit in support of a search warrant included an intentionally or recklessly false statement or material omission and urged the Court to deny the motion to suppress without an evidentiary hearing. Doc. 157 at 1-2. The Government also requested that, should Special Agent Mirabal be called to testify, that he not be asked questions concerning an unrelated investigation with regard to a housing allowance in his current employment with the United States Army. *Id*. at 3. Finally, the Government informed the Court that, should such questions be asked, Special Agent Mirabal would invoke his Fifth Amendment protections on advice of Counsel. *Id*. At the hearing, Defendant argued that he should be allowed to pursue a line of questioning about an investigation concerning false statements made by Special Agent Mirabal due to its relevance to credibility. Transcript of Hearing (AM) 3:24-5:10.[1] He also stated that, if Special Agent Mirabal invoked his Fifth Amendment protections for questions concerning the investigation against him, the appropriate remedy was to strike the entirety of his testimony as to all maters relevant to the present case. Transcript of Hearing (AM) 5:13-6:19.

Concerning Defendant's showing of a false statement or material omission, the Court has already issued a detailed order denying Defendant's motion to suppress on the merits. *See* Doc. 169. With regard to the Government's request regarding exclusion of the particular line of questioning discussed above, the Court ruled from the bench during the hearing that Special Agent Mirabal should be called to testify, that Defendant could pursue questions regarding the

---

[1] Where possible, the Court has cited to the Partial Transcript included in the record (Doc. 161). However, for the portions omitted from this document, the Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

unrelated criminal investigation, and that Special Agent Mirabal was free to invoke his Fifth Amendment protections if he so chose. *See* Transcript of Hearing (AM) 12:1-13:5; 14:12-16. Special Agent Mirabal did in fact testify and, after answering several questions regarding the investigation against him, invoked his Fifth Amendment rights and refused to answer further questions on that subject. Transcript of Hearing (AM) 13:24- 18:9. Finally, the Court has also made a determination regarding the admissibility of Special Agent Mirabal's testimony on subjects which he has not invoked his Fifth Amendment rights. *See* Doc. 169 at 9-10. As this motion concerns the prevention of questions which have already been asked and testimony which has already occurred, it is now moot.

With regard to the second motion at issue, the Supreme Court has made clear that a defendant has the right to effective assistance of counsel during pre-trial plea negotiations, including as to plea offers that lapse or are rejected. *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). Cognizant of these holdings and wary of a potential future petition for post-conviction relief, the Government requested that the Court inquire, on the record, as to whether defense counsel communicated to defendant the oral plea offer extended by the United States on March 13, 2017. Doc. 158 at 1. Specifically, the Government prepared the following script and requested that the questions be presented to Defendant:

> I am informed that the government made you a plea offer that you rejected.
>
> Do not tell me about the content of any discussion between you and your counsel. Do not tell me the terms of any plea offer made by the government. This Court is not involved in any plea negotiations, and states no opinion regarding your decision to plead guilty or proceed to trial. I simply request a yes or no answer to the following questions:
>
> First, did you discuss with your attorney the plea offer made by the government on March 13, 2017?

>Second, are you satisfied that, prior to rejecting the plea offer, you had a full and complete opportunity to discuss the plea offer with your attorney?

*Id*. at 1-2.

During the Hearing, the parties disagreed as to whether a Lafler/ Frye hearing was actually necessary, as Defendant claimed that the telephonic plea discussions did not contain the requisite detail or specificity to be considered a formal offer which Defendant could accept or reject. Transcript of Hearing (PM) 4:1-6:9. However the Court need not resolve this question. In its motion, the Government included a very specific request for relief, which was simply that the Court present the questions contained in the script to Defendant on the record. The Court did in fact present these questions to Mr. Thayer verbatim during the hearing. Transcript of Hearing (AM) 91:3-17. As the Government's sought remedy has already occurred, this motion is also now moot.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES**, as moot, the Government's Motion in Limine (Doc. 157) and Motion for a Lafler/Frye Hearing (Doc. 158). .

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**